UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHYLLIS JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action: 3:21-cv-121 |
| | § | |
| | § | With Jury Demand Endorsed |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| Inc., and NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| Defendants. | § | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Phyllis Jackson ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Experian Information Solutions, Inc., and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

## I. INTRODUCTION

1. One of the Defendants is consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and Defendant, Nationstar Mortgage LLC is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage LLC is also liable for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Phyllis Jackson, is a natural person residing in Kern County, California, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5.  As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Experian.

### III. JURISDICTION AND VENUE

6.  Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7.  Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8.  Venue is further proper in this District, because CRA Defendant entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and

all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

9. In 2002, Plaintiff secured a mortgage for her home at 1016 El Tejon Ave., Bakersfield, CA 93308.

10. Sometime in September 2008, Plaintiff filed for Chapter 7 Bankruptcy, and was discharged in January 2009.

11. Redacted copies of Plaintiff's Chapter 7 Petition and Chapter 7 Discharge are attached hereto as is attached hereto as Exhibits "A" and "B" respectively.

12. In December 2014, Plaintiff's mortgage was purchased by, sold to, transferred to, or otherwise acquired by Defendant Nationstar, with the first payment due January 1, 2015.

13. A redacted copy of Plaintiff's payment history showing the first date payment was owed to Nationstar is attached hereto as Exhibit "C".

14. Sometime in March 2020, Plaintiff requested and received a copy of her credit file assembled, evaluated, and disbursed by Experian and noticed that her Nationstar mortgage account was reporting inaccurately.

15. Copies of Plaintiff's Experian credit report is attached hereto as Exhibit "D".

16. Plaintiff noticed that within her Experian credit report, it reported that her Nationstar

Mortgage was open, current, and that Plaintiff owed a balance of $113,691 on her mortgage.

17. On or about June 29, 2020, Plaintiff disputed the reporting of the Nationstar mortgage account with Experian directly. Plaintiff requested that under the FCRA, the CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit report concerning the Nationstar mortgage account.

18. A redacted copy of Plaintiff's dispute letter to Experian is attached hereto as Exhibit "E".

19. Experian did not provide a response to the dispute dated June 29, 2020, within 30 days, further violating the FCRA.

20. On or about October 16, 2020, Plaintiff sent a second dispute for the inaccurate reporting of the CRA Defendant with evidence of delivery of the first dispute letter and the same requests as the first dispute.

21. A redacted copy of Plaintiff's second dispute letter to Experian is attached hereto as Exhibit "F".

22. Experian responded to Plaintiff's second dispute letter on or about November 3, 2020.

23. A redacted copy of Experian's response letter to Plaintiff dated November 3, 2020 is attached hereto as Exhibit "G" and incorporated herein by reference.

24. In its response letter to Plaintiff, Experian simply stated that the disputed tradeline was not listed on the credit report. This is incorrect because up until at least June 2020, the tradeline was reporting inaccurately as open, current and owing a balance.

25. Experian's response was not the result of a reasonable investigation into Plaintiff's

dispute and failed to remedy the inaccuracies within the Nationstar tradeline because Plaintiff disputed twice that her Nationstar Mortgage was discharged in a Chapter 7 bankruptcy, requested that Experian correct the tradeline and instead Experian did not respond to the first dispute and after Plaintiff sent the second dispute, Experian stated the tradeline was missing, presumably removed after the first dispute.

26. Upon Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence. Further, Experian did not make any attempts to substantially or reasonably verify the Nationstar reporting lines.

27. In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

28. Around the same time in June of 2020, Plaintiff sent Nationstar a letter wherein Plaintiff sufficiently identified herself as a borrower, the account in question, perceived errors committed by Nationstar regarding this account, and specifically requested that Nationstar investigate and correct its reporting of her Nationstar Mortgage.

29. A redacted copy of Plaintiff's unsigned RESPA letter to Nationstar is attached hereto as Exhibit "H" and incorporated in by reference.

30. On July 9, 2020, Nationstar responded and stated in pertinent part that the account was discharged from Chapter 7 Bankruptcy on January 12, 2009, which was filed on September 10, 2008, and that it has not reported the account since that time since the debt was not reaffirmed. It further alleged the reporting was correct and denied the request to update the reporting.

31. In addition, Plaintiff has good reason to believe that Nationstar's RESPA response is circumstantial evidence that in June 2020, Nationstar instructed Experian to delete the tradeline shortly after Experian received Plaintiff's first dispute.

32. A redacted copy of Nationstar's response to Plaintiff's RESPA letter is attached hereto as Exhibit "I" and incorporated in by reference.

## V.  GROUNDS FOR RELIEF

### COUNT I – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

33. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

34. Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

35. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

36. Experian knew or should have known of Plaintiff's account status, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

37. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

38. After Experian knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections. Further, Plaintiff did not request for the Nationstar mortgage tradeline be deleted.

39. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

40. Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

42. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

43. Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to

know is unreliable.

44. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

45. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

46. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

47. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

48. Nationstar further violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

49. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

50. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT IV – NATIONSTAR'S VIOLATION OF RESPA

51. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

52. Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

53. Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

54. Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

55. Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

56. Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

57. Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

### VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

58. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

### VII.  DAMAGES

59. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

60. Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

61. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

62. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

63. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

64. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

65. Defendants have negligently and/or willfully violated various provisions of the FCRA and Nationstar negligently and/or willfully violated RESPA and are thereby liable unto Plaintiff.

66. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Phyllis Jackson, prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff and against Defendants Experian Information

Solutions, Inc. and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, Nationstar's violation of RESPA, applicable state law, and common law;

      B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

      C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

      D.    Order that the CRA Defendant, Experian Information Solutions, Inc., and Furnisher Defendant, Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Date Filed: <u>January 19, 2021</u>

                                                Respectfully submitted,

                                                <u>/s/ Matthew P. Forsberg</u>
                                                Matthew P. Forsberg
                                                TX State Bar Number 24082581

Matt@FieldsLaw.com
FIELDS LAW FIRM
9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

**LAW OFFICE OF JONATHAN A. HEEPS**

/s/ *Jonathan A. Heeps*            .
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFF

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

January 19, 2021                         */s/ Matthew P. Forsberg*
Date                                     Matthew P. Forsberg